UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASHLEY DONOHUE, on behalf of herself and
all others similarly situated,

                          Index No.: 16-CV-4418

              Plaintiffs,

                          **COMPLAINT**

                          *Jury Trial Demanded*

     -against-

M.A.C. COSMETICS INC., MAKE-UP ART
COSMETICS INC., MAKE-UP ART COSMETICS
(U.S.), INC., and MAKE-UP ART COSMETICS
(NEW YORK), INC.

              Defendants.
------------------------------------------------------------X

       ASHLEY DONOHUE ("Plaintiff"), by and through her attorneys, Frank & Associates, P.C, bring this action against Mac Cosmetics ("Defendants"), and respectfully allege as follows:

## INTRODUCTION

      1.     This action arises under the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 et seq., the Family and Medical Leave Act ("FMLA"); the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*; he New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 *et seq.*; the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*; the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law")

      2.     Plaintiff brings these actions to recover unpaid overtime wages under the FLSA, on behalf of herself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).

3. Plaintiff brings this action to recover unpaid overtime wages in violation of New York Labor Law.

4. Defendant violated the Family and Medical Leave Act ("FMLA") by unlawfully retaliating against Plaintiff for exercising her protected right of taking FMLA leave. 29 U.S.C. § 2614, § 2615(a)(1,2)

5. Defendant violated NYCHRL §8-107 by unlawfully retaliating against Plaintiff for exercising her protected right of taking FMLA leave.

6. Defendant violated New York City Human Rights Law ("NYCHRL") § 8 107(1) by wrongfully terminating Plaintiff based on her actual or perceived disability.

7. Defendant violated the ADA by wrongfully terminating Plaintiff's employment due to her disability.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in Brooklyn, New York,

10. Defendant conducts business within the Eastern District of New York, and maintains a place of business where Plaintiff was employed, located at 5100 Kings Plaza, Brooklyn, New York 11234.

## PARTIES

11. Plaintiff is a resident of Nassau County, residing at 72 Clement Avenue, Elmont, New York 11003.

12. At all times relevant to the Complaint, Plaintiff was an "employee" within the FLSA, 29 U.S.C. § 203(e), New York Labor Law § 190(2), and NYSHRL § 292(6), and an eligible employee under FMLA, 29 U.S.C. § 2611.

13. At all times relevant to the Complaint, Plaintiff was and still is a "person" within the meaning of 42 U.S.C. § 2000e and NYSHRL § 292(1), NYCHRL § 8-102 (5)

14. At all times relevant to the Complaint, Plaintiff was a non-exempt employee under FLSA, and New York Labor Law

15. At all times relevant to the Complaint, Defendant was an "employer" within the meaning of FMLA, FLSA, New York Labor Law §190(3) and NYSHRL § 292(5).

16. Upon information and belief, Defendant M.A.C. COSMETICS is engaged in the business of make-up artistry and is a located at 5100 Kings Plaza, Brooklyn, New York 11234.

17. At all times relevant herein, Defendants employed more than four (4) employees within the meaning of NYSHRL and NYCHRL.

18. Upon information and belief, Defendant employed fifty (50) or more employees in twenty (20) or more workweeks in the current or preceding calendar year within the meaning of ADA.

## FACTS

19. Plaintiff was employed by the Defendant, as a make-up artist in or about 2012 at Defendant's store located in the Green Acres Mall located in Valley Stream, New York.

20. In or about April 2015, Plaintiff was transferred and promoted to one of approximately four (4) Key Supervisors at Defendant's Kings Plaza location at its Flatbush Avenue, Brooklyn store. As Key Supervisor, she was provided with store alarm security codes and keys to the store, stockroom and office.

21. As Key Supervisor, Plaintiff's duties included the same duties as the other makeup artists, arming and disarming the store security system when opening and closing the store, signing for mail deliveries, and daily deposits in the Kings Plaza bank.

22. Plaintiff was a non-exempt employee, who was paid on an hourly basis for her work.

23. Plaintiff was scheduled to work approximately 37.5 hours a week, at twenty-two dollars ($22) an hour.

24. In or about April 2015, Assistant Manager known to Plaintiff as Nichole (second name unknown) left the Company, Store Manager Tamara took leave of absence, and employee "Juan" was hired to work as a make-up artist.

25. Since Defendant was short staffed, Plaintiff was regularly asked to work back-to-back shifts ("doubles") which required her to work fifteen (15) hours, and work without substantial interruption from 8:00 a.m. to approximately 11:00 p.m, when she would close the store.

26. On those occasions, Plaintiff's workweek exceeded forty (40) hours but she was not paid overtime at the mandated rate of time and one-half (1/2) her regular rate of pay.

27. That overtime rate for each hour was required to be calculated by dividing her weekly gross earnings by the weekly hours worked.

28. Instead, Defendant only allowed employees to charge the overtime hours as "comp time" which comp time would be carried over to the following pay-period, and accumulated from pay period to period until it could be used.

29. In or about October 2015, Plaintiff received a favorable performance review which resulted in her hourly rate being increased from $22 per hour to $22.77 per hour.

30. In October, Mona - another Key Supervisor - told Plaintiff ADT the security monitor service had called to report the silent alarm in the store had been activated the previous night.

31. According to Mona, Juan had previously been seen using Plaintiff's security code to arm the stockroom alarm, and told someone "I armed the stockroom for her."

32. Plaintiff, puzzled since she had not divulged her security code to anyone, complained by phone to the Regional Manager Selena Delvalle ("Selena"), and requested to speak to Juan regarding how he had obtained the code without her knowledge.

33. Selena told Plaintiff not to speak to Juan because "it could be viewed as retaliation". Without understanding how the inquiry could be viewed as "retaliation", Plaintiff complied.

34. Upon information and belief, Juan was not reprimanded for using Plaintiff's security code, but, as will be described herein, Plaintiff alone, and without justification, was criticized and blamed for the unauthorized misuse of the code.

35. All ADT security codes in the store were thereupon changed.

36. No disciplinary action was taken against Plaintiff, and she continued to perform her duties without interruption.

37. On or about November 29, 20015, Plaintiff began previously approved FMLA leave for reconstructive surgery on one of her knees.

38. On or about December 15, 2015, Plaintiff underwent knee surgery.

39. When Plaintiff began her leave she had not been disciplined or criticized.

40. On or about April 10, 2016, Plaintiff's doctor provided medical clearance for Plaintiff to return to work without restriction.

41. The next day, April 11, 2015, Plaintiff called Defendant and informed Store Manager Tamara she had been cleared to return to work. Tamara told Plaintiff to call Regional Manager Selena and Store Manager Denise.

42. On April 14, 2016, Plaintiff contacted Denise, who connected Selena on a 3-way call.

43. During the conversation, Plaintiff was told by Selena, "We reevaluated you as a person when you were out."

44. Plaintiff was then told she was terminated because the store security code had been compromised (months before her leave), the door had been left open (likewise months earlier), and the register log had not been signed one night (before her FMLA leave).

45. Plaintiff was also accused, for the first time, of having given her register code to Juan.

46. Plaintiff replied the allegation regarding Juan was untrue, and she was unaware how Juan had obtained her security code.

47. The alleged reason for Plaintiff's termination were clear pretext for her unlawful termination since they had occurred months before she left for her FMLA leave

## FIRST CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIMES WAGES IN VIOLATION OF FLSA

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendant employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of Section 7 of the FLSA, 29 U.S.C § 207.

50. Defendant designated all hours worked in excess of 40 hours per week as Comp time to be forwarded onto Plaintiff's subsequent paycheck.

51. Defendant's failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per work week, was willful within the meaning of FLSA. Defendant is liable to the Plaintiff in the amount of unpaid compensation plus 100% liquidated damages.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF NEW YORK LABOR LAW

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff at the overtime rate of at least one and one-half times the regular rate of pay in violation of New York Labor Law 19, §650 et seq.

54. Defendant designated all hours worked in excess of 40 hours per week as Comp time to be forwarded onto Plaintiff's subsequent paycheck.

55. By Defendant's failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per week, they willfully violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

56. Due to Defendant's violation of New York Labor Law, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages equal to 100% of the total amount of the wages found to be due, pre-judgment interest at the statutory compounded rate, and reasonable attorney's fees and cost of this action.

## THIRD CLAIM FOR RELIEF
## RETALIATION UNDER FMLA

57. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff availed herself of the protected right, under the FMLA, to take medical leave to undergo surgery on her knee.

59. She was qualified for her position, as she worked for the Defendant from 2012 in the make-up artist industry until 2016 and her doctor gave her medical clearance to return to work.

60. Plaintiff suffered an adverse employment action when Defendant terminated her employment.

61. The adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. Upon notifying Defendant that she was cleared to return to work, Plaintiff was immediately terminated. The temporal proximity between the end of her FMLA leave and her termination is sufficient to establish a causal connection.

62. Defendant's stated reasons for terminating Plaintiff, were a mere pretext for retaliatory animus. Defendant retaliated against Plaintiff because she took FMLA leave which is protected under FMLA.

## FOURTH CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF NYSHRL

63. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Plaintiff was retaliated against because she exercised her protected right to take approved FMLA leave to have surgery on her knee.

65. Plaintiff obtained medical clearance to return to work and was ready willing and able to perform the essential functions of her position without reasonable accommodations.

66. Upon notifying Defendant of her intent to return to work, Plaintiff was immediately terminated.

67. As a direct and proximate cause of Defendant's discriminatory action, Plaintiff suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

68. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF NYCHRL

69. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Plaintiff was retaliated against because she exercised her protected right to take approved FMLA leave to have surgery on her knee.

71. Plaintiff obtained medical clearance to return to work and was ready willing and able to perform the essential functions of her position without reasonable accommodations.

72. Upon notifying Defendant of her intent to return to work, Plaintiff was immediately terminated.

73. As a direct and proximate cause of Defendant's discriminatory action, Plaintiff suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

74. The conduct of Defendant was done in conscious disregard of Plaintiff's rights.

75. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## DISCRIMINATION BASED ON DISABILITY UNDER NYSHRL

76. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Plaintiff had a disability as defined by NYSHRL § 292 (21) and notified the Defendants of her disability.

78. Plaintiff has been discriminated against by Defendant on the basis of her disability in violation of the NYSHRL§ 296, by Defendant engaging in a course of conduct which included wrongfully terminating Plaintiff's employment because of her disability or perceived disability, all the while giving Plaintiff pre-textual reasons for the termination.

79. As a direct and proximate cause of Defendant's discriminatory action, Plaintiff suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

## SEVENTH CLAIM FOR RELIEF
## DISCRIMINATION BASED ON DISABILITY UNDER NYCHRL

80. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

81. Plaintiff had a disability as defined by NYCHRL § 8 102 (16) and notified the Defendants of her disability.

82. Plaintiff has been discriminated against by Defendant on the basis of her disability in violation of the NYCHRL § 8 107, by Defendant engaging in a course of conduct which included

wrongfully terminating Plaintiff's employment because of her disability or perceived disability, all the while giving Plaintiff pre-textual reasons for the termination.

83. As a direct and proximate cause of Defendant's discriminatory action, Plaintiff suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

## EIGHTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

84. Plaintiff repeats and re-alleges each and every allegation contained herein.

85. Plaintiff has been discriminated against by Defendants on the basis of her disability in violation of the ADA, by Defendants engaging in a course of conduct which included wrongfully discharging Plaintiff's employment because of her disability or perceived disability all the while giving Plaintiff pre-textual or untrue reasons for the termination.

86. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

87. As a further and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

88. The conduct of the Defendants was outrageous and done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory damages, punitive damages, expenses and attorneys' fees in amount to be determined at trial.

## DEMAND FOR JURY TRIAL

89. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

## PRAYER FOR DAMAGES

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment:

(a)  Declaring Defendant violated the aforementioned statutes;

(b)  Granting a permanent injunction enjoining Defendants from engaging in employment practices which discriminate on the basis of disability.

(c)  Awarding Plaintiff back pay, front pay, and all benefits which would have been afforded Plaintiff, but for said discrimination and retaliation;

(d)  Awarding compensatory and punitive damages, where applicable, in an amount to be determined at trial, but in any event to exceed $1,000,000.00;

(e)  Ordering Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices of Defendant;

(f)  Awarding Plaintiff compensatory damages

(g)  Awarding Plaintiff liquidated damages pursuant to FLSA, 29 U.S.C. §216(b), New York Labor Law §§198 and 663, and any other applicable statute, rule or regulation

(h)  Awarding Plaintiff reasonable attorneys' fees on all Claims for Relief;

(i)  Awarding Plaintiff the costs and disbursements of this action, including expert fees and disbursements;

(j)  Awarding Plaintiff pre-and post-judgment interest on all Claims for Relief; and

  (k)  Granting such further relief as the Court deems just and proper.

Dated: Farmingdale, New York
   August 8, 2016

               FRANK & ASSOCIATES, P.C.

          By: */s/ Neil M. Frank*
               Neil M. Frank
               500 Bi-County Blvd., Suite 465
               Farmingdale, New York 11735
               (631) 756-0400
               nfrank@laborlaws.com

               *Attorneys for Plaintiff*